# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A.W., N.S., & E.S.**

**No. 14-1276** (Mercer County 14-JA-27 through 14-JA-29)

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father W.S., by counsel John G. Byrd, appeals the Circuit Court of Mercer County's July 21, 2014, order terminating his parental, custodial, and guardianship rights to A.W., N.S., and E.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S. L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Malorie N. Estep-Morgan, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) terminating his rights based on his incarceration; (2) terminating his rights when the DHHR failed to fully implement the family case plan; and (3) allowing the multidisciplinary team "to [d]ictate" to the psychologist what to include in petitioner's psychological evaluation.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2014, the DHHR filed an abuse and neglect petition alleging that petitioner committed domestic violence and used controlled substances causing his children to be abused and neglected. In March of 2014, the circuit court held a preliminary hearing. At that hearing, the children's maternal grandmother testified that she witnessed petitioner threaten the children's mother and that she observed bruises on the children's mother "many, many times" from domestic violence incidents occurring when the children were in the home. The maternal grandmother also testified that petitioner used drugs in the home. Based on this testimony, the

---

[1]Petitioner is not the biological father of A.W. However, as the circuit court terminated petitioner's "parental, custodial, and guardianship rights" to all three children, A.W. is included in this direct appeal.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

circuit court found that imminent danger existed and that the DHHR properly took custody of the children.

In April of 2014, the circuit court held an adjudicatory hearing. The circuit court incorporated the testimony presented at the preliminary hearing, and the DHHR presented additional evidence of drug use in the home and domestic violence between petitioner and the children's mother. Based on the evidence presented, the circuit court found that petitioner abused and neglected all three children. At a meeting of the multidisciplinary team ("MDT") in June of 2014, the MDT decided, without any noted disagreement by petitioner, that petitioner would complete a psychological evaluation, which would address issues including "domestic violence, parenting, and substance abuse."

In July of 2014, the circuit court held a dispositional hearing. Petitioner testified that he had been arrested and incarcerated on three separate occasions during the pendency of the underlying proceedings. Those arrests and incarcerations were for domestic violence; a gun charge that was ultimately dismissed; and an indictment on charges of a felon in possession of a firearm, counterfeiting, and uttering. At the time of the hearing, petitioner remained incarcerated awaiting trial on the indictment for felon in possession of a firearm, counterfeiting, and uttering with no indication of a possible release date. He further testified that he had not participated in his previously scheduled supervised visitation with the children twice per week, but he had visited with the children at other times when they were in the physical custody of their mother. He admitted that he was not permitted by the court to be around the children at those times. The DHHR presented additional evidence of petitioner's failure to attend court-ordered supervised visitations; failure to complete the psychological evaluation; failure to pay child support; and prior involuntary termination of petitioner's parental rights to another child for failure to follow through with a family case plan. Finally, the DHHR presented evidence of petitioner's criminal history, which included a felony conviction for possession of a controlled substance with the intent to deliver; a conviction for making a fraudulent insurance claim; two petitions to revoke probation due to larceny, domestic violence, and a protective order violation; and the indictment for felon in possession of a firearm, counterfeiting, and uttering. Based on this evidence, the circuit court found that petitioner failed to follow through with the family case plan in his prior abuse and neglect proceeding; failed to comply with court-ordered supervised visitation in this matter; and that the children needed permanency that would not wait until petitioner's potential release at some unknown future date. Therefore, given those findings, the circuit court concluded that petitioner could not substantially correct the conditions of neglect in the near future and that termination was necessary for the children's welfare. By order entered on July 21, 2014, the circuit court terminated petitioner's parental, custodial, and guardianship rights to the children. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a

reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re: Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first assigns error to the circuit court's termination of his parental, custodial, and guardianship rights based on his incarceration. Although petitioner argues that the circuit court "should have waited" to determine the results of petitioner's criminal charges prior to termination, we have explained that circuit courts are specifically directed to proceed with abuse and neglect matters regardless of any related proceedings. Rule 5 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings clearly states that "[u]nder no circumstances shall a civil protection proceeding be delayed pending the initiation, investigation, prosecution, or resolution of any other proceeding, including, but not limited to, criminal proceedings." We have also held that "[c]hild abuse and neglect cases must be recognized as being among the highest priority for the courts' attention. Unjustified procedural delays wreak havoc on a child's development, stability and security." Syl. Pt. 1, in part, *In the Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991). Therefore, we find no error in the circuit court's decision to proceed with the dispositional hearing prior to the resolution of petitioner's criminal charges.

Further, despite petitioner's argument that the circuit court failed to consider the relevant factors set forth in *Cecil T.* for termination of parental rights based on incarceration, *Cecil T.* is distinguishable from the case at bar. In *Cecil T.*, this Court explained that

> *[w]hen no factors and circumstances other than incarceration are raised* at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

228 W.Va. at 89, 717 S.E.2d 873, Syl. Pt. 3 (emphasis added). Moreover, *Cecil T.* recognized that "this Court has never held that incarceration can not [sic] be the sole basis for terminating parental rights." *Id.* at 96, 717 S.E.2d at 880. In this case, although petitioner was incarcerated at the time of disposition, which was *a* consideration for the circuit court, other factors and circumstances were also considered. In addition to his incarceration, the circuit court clearly considered petitioner's failure to follow through with the family case plan in his prior abuse and

3

neglect proceeding, and his failure to comply with court-ordered supervised visitation and violation of the court's order by visiting the children outside of that designated supervision. The circuit court also considered that the children's best interests required permanency, and awaiting petitioner's release from incarceration, which was not set at any date certain at the time of disposition, would only unreasonably delay that permanency. *See Id.* at 97, 717 S.E.2d at 881 (stating that "incarceration may unreasonably delay the permanent placement of the child deemed abused or neglected, and the best interests of the child would be served by terminating the incarcerated person's parental rights."). Therefore, as explained above, the circuit court did not rely solely on petitioner's incarceration to terminate his parental, custodial, and guardianship rights to the children. As such, we find no error in the circuit court's consideration of petitioner's incarceration as a factor at disposition.

Next, petitioner argues that the circuit court erred in terminating his rights to the children because the DHHR failed to fully implement the family case plan. While petitioner argues that the DHHR failed to provide him with complete services for both substance abuse and domestic violence treatment, the record on appeal clearly reflects that the DHHR, as part of the MDT, created a family case plan with which petitioner failed to comply. The DHHR provided petitioner with supervised visitation with the children; however, petitioner admittedly failed to participate in the same. Although he claimed that he had no reason to attend supervised visitation because he saw the children at times and places outside of the supervised setting, he admitted that he was not permitted to be with the children without court-designated supervision. Moreover, in addition to petitioner's admitted violation of a court order, the third-party supervisor could not witness petitioner's on-going relationship with the children. The DHHR also provided petitioner with an appointment for a psychological evaluation, upon which the MDT could determine what further services were necessary in this matter. The MDT clearly determined that "[o]nce the psychological evaluations are back, the [DHHR] will follow the recommendations of the psychological evaluation." However, petitioner failed to participate in that evaluation due to his incarceration. Based on the foregoing, we find no error in the termination of petitioner's rights to these children without further services. The circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future and that termination was necessary for the children's welfare. *See* W. Va. Code § 49-6-5(b)(3) (providing that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"). Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

Petitioner's third and final assignment of error is that the MDT "dictate[d]" to the psychologist what to include in his evaluation of petitioner. At the outset, we note that petitioner cites no law in support of his position and that he fails to indicate when and how he placed this issue before the circuit court. We have often stated that "[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 818, 821, 679 S.E.2d 650, 653 (2009) (quoting *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)). Further, "[g]enerally the failure to object constitutes a waiver of the right to raise the matter on appeal." *State v. Asbury*, 187 W.Va. 87, 91, 415 S.E.2d 891, 895 (1992). *See also* R.

App. P. 10(c)(7) (stating that a petitioner's argument "must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal."). Therefore, due to petitioner's failure to present this issue to the circuit court, we find that petitioner waived this issue for appellate review.

For the foregoing reasons, we find no error in the circuit court's July 21, 2014, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II